UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**AMBER DOUGLAS,**

    **Plaintiff,**

                              **Case Number** 8:20-cv-670

v.

**HEALTHSTAT, INC.,**

    **Defendant.**

    _____/

**Complaint & Jury Demand**

    1.    The Plaintiff, Amber Douglas, sues Defendant, Healthstat, Inc., pursuant to the Family Medical Leave Act (FMLA) for interference and retaliation.

    2.    The Honorable Court has jurisdiction pursuant to 29 U.S.C. § 2617(a)(2).

    3.    The purpose of the FMLA is to permit, employees like Plaintiff, to take reasonable leave for the care of a child without losing their employment. 29 U.S.C. § 2601(b)(2).

    4.    Plaintiff worked for Defendant in Polk County, Florida from on or about September 2016 to April 30, 2018.

    5.    From September 2017 to the time Plaintiff was terminated Plaintiff had to care for a child with a serious medical condition.

6. Defendant knew that Plaintiff needed to take time off to care for her child.

7. Defendant is based in Charlotte, North Carolina.

8. Defendant contracts with many entities, including Polk County Government.

9. Defendant did not post any DOL forms informing Plaintiff of her rights under the FMLA.

10. Defendant never notified Plaintiff of her FMLA rights prior to February 2018.

11. On February 14, 2018, Defendant advised Plaintiff via email that she did not qualily for FMLA leave.

12. Shortly thereafter Defendant changed its mind and provided Plaintiff FMLA paper work on February 19, 2018 via email.

13. Plaintiff turned in her FMLA paperwork within 15 days of receiving them.

14. On March 5, 2018, Plaintiff was written up for the first time, Defendant claimed she was excessively tardy.

15. Plaintiff was only tardy due to the caring of her child.

16. Defendant retaliated against Plaintiff because of FMLA on March 5, 2018.

17. On March 5, 2018, Defendant wrote Plaintiff up for being tardy on ten occasions from January 28, 2018 through February 26, 2018.

18. Each of the aforementioned alleged infractions ought to have been covered by FMLA intermittent FMLA leave.

19. On April 30, 2018, Defendant fired Douglas in violation of the FMLA.

20. Defendant employs more than fifty employees.

21. Plaintiff worked more than 1250 hours the 12 months preceding the need for FMLA leave.

22. Plaintiff was eligible for FMLA leave.

23. Defendant failed to timely provide Plaintiff FMLA notice.

24. Defendant retaliated against Plaintiff when she exercised her rights under the FMLA.

25. Defendant willfully violated the FMLA.

26. Defendant acted in reckless disregard of the FMLA.

27. Defendant is estopped from alleging that Plaintiff was not entitled to FMLA leave.

**Count I – FMLA Interference**

28. Plaintiff reincorporates paragraphs 1 through 27 as if fully stated herein.

29. Plaintiff notified Defendant that she needed time off to care for her child.

30. Notwithstanding, adequate notice that Plaintiff needed FMLA leave, Defendant terminated Plaintiff.

31. Defendant interfered with Plaintiff's FMLA rights by not timely providing her notice of rights.

32. Defendant interfered with Plaintiff's FMLA rights when it failed, refused and/or neglected to utilize FMLA intermittent leave for the alleged infractions documented on March 5, 2018.

33. Plaintiff ought to have been on FMLA leave.

34. The condition for which Plaintiff needed FMLA leave began on September 6, 2017.

35. Plaintiff's child that was born on February 9, 2016, needed care for the medical condition of extreme eczema.

36. Plaintiff's child had multiple doctor visits for treatment of her condition.

37. Had Plaintiff been timely provided FMLA notice of rights she would have taken intermittent FMLA leave on each of the alleged dates used to write her up and ultimately terminate her employment.

38. Moreover, on or about February 8, 2018, Plaintiff's child was hospitalized for her condition.

39. Defendant failed, refused and/or neglected to place Plaintiff on FMLA leave for this period of time.

40. Plaintiff lost her job due in part to Defendant's failure to timely notify Plaintiff of her FMLA rights and to retroactively place her on FMLA leave or to investigate to see if any of the reasons for absences or late appearances ought to have been covered by FMLA.

Wherefore, Plaintiff demands trial by jury, judgment, back pay, liquidated damages, correction of her personnel file indicating that she was not terminated for cause but terminated in violation of the FMLA, proper positing of DOL Wage & Hour posters at all of Defendant's places of employment, FMLA training by all managers, notice of this case to all employees of Defendant in the United States so such employees will know if they, attorneys' fees and costs.

**Count II – FMLA Retaliation**

41. Plaintiff reincorporates paragraphs 1 through 27 as if fully stated herein.

42. On February 8, 2018, Defendant learned from Plaintiff that she was in the hospital with her daughter.

43. On February 14, 2018, Defendant notified Plaintiff that she was not eligible for FMLA leave.

44. On February 16, 2018, Defendant admitted it was mistaken and that Plaintiff could be eligible for FMLA leave depending on the medical condition.

45. On February 19, 2018, Defendant emailed an FMLA form to Plaintiff.

46. Defendant wrote Plaintiff up on March 5, 2018, because she exercised her rights under the FMLA.

47. Defendant terminated Plaintiff on April 30, 2018, because she exercised her rights under the FMLA.

48. Defendant wrote up Plaintiff and fired her in part for Plaintiff taking FMLA leave.

Wherefore, Plaintiff demands trial by jury, judgment, back pay, liquidated damages, correction of her personnel file indicating that she was not terminated for cause but terminated in violation of the FMLA, proper positing of DOL Wage & Hour posters at all of Defendant's places of employment, FMLA training by all managers, notice of this case to all employees of Defendant in the United States so such employees will know if they, attorneys' fees and costs.

Respectfully submitted this 23rd day of March 2020,

<u>/s/ Bernard R. Mazaheri</u>
Bernard R. Mazaheri
Florida Bar Number 643971
Mazaheri & Mazaheri
325 Shelby Street
Frankfort, Kentucky 40601
Tel – (863) 838-3838
Email – bernie@thelaborfirm.com

*Counsel for Plaintiff*
